Judgment rendered July 8, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

* * * * *

ON REMAND

* * * * *

No. 52,867-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

Versus

JONATHAN CORN                               Appellant

* * * * *

On Remand from the
Louisiana Supreme Court

Originally Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 222,245

Honorable Michael Nerren, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Douglas Lee Harville


JOHN SCHUYLER MARVIN                  Counsel for Appellee
District Attorney


JOHN MICHAEL LAWRENCE
ANDREW C. JACOBS
DOUGLAS M. STINSON
Assistant District Attorneys

* * * * *

Before COX, STEPHENS, and McCALLUM, JJ.

**STEPHENS, J.**

This matter comes before us on remand from the Louisiana Supreme Court. The defendant, Jonathan Corn, was convicted by a nonunanimous jury of molestation of a juvenile and sentenced to 25 years' imprisonment at hard labor, without benefits. That conviction and sentence was previously affirmed by this court. *State v. Corn*, 52,867 (La. App. 2 Cir. 9/25/19), 280 So. 3d 921. However, in light of the United States Supreme Court's ruling in *Ramos v. Louisiana*, __ U.S. __, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020) and the fact that this matter is on direct appeal, we reverse Corn's conviction and vacate his sentence. Corn is entitled to a new trial.

In *State v. Ramos*, 2016-1199 (La. App. 4 Cir. 11/2/17), 231 So. 3d 44, *writs denied*, 2017-2133 (La. 6/15/18), 257 So. 3d 679, and 2017-1177 (La. 10/15/18), 253 So. 3d 1300, Ramos was convicted of second degree murder by a jury vote of 10-2. The murder was committed in 2014, and Ramos was found guilty in 2016. Ramos appealed his conviction, arguing that the trial court erred in denying his motion to require a unanimous jury verdict. He asserted that La. C. Cr. P. art. 782 violated the Equal Protection Clause contained in the Fourteenth Amendment of the United States Constitution. Ramos urged that Louisiana's statutory scheme, which permitted nonunanimous jury verdicts in noncapital felony cases, should be declared unconstitutional. The Louisiana Fourth Circuit Court of Appeal rejected Ramos's argument and upheld the constitutionality of art. 782, finding under then-current jurisprudence from the U.S. Supreme Court, nonunanimous 12-person jury verdicts were constitutional. The same court noted that in *State v. Bertrand*, 2008-2215 (La. 3/17/09), 6 So. 3d 738, the Louisiana Supreme Court reversed the trial court's finding that La. C. Cr. P.

art. 782(A) violated the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, relative to the number of jurors needed to concur to render a verdict in cases in which punishment is necessarily confinement at hard labor.  *Id.*, at 54.

The United States Supreme Court granted *certiorari* in *Ramos v. Louisiana*, ___ U.S. ___, 139 S. Ct. 1318, 203 L. Ed. 2d 563 (2019), to determine whether the Fourteenth Amendment fully incorporates the Sixth Amendment guarantee of a unanimous verdict.  On April 20, 2020, while Corn's appeal was pending before the Louisiana Supreme Court, the United States Supreme Court held that the Sixth Amendment right to a jury trial, as incorporated by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense in both federal and state courts.  The Court concluded, "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal trials equally[.]  So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court."  *Ramos v. Louisiana*, 1390 S. Ct. at 1397.  As a result, Louisiana will have to retry any defendant convicted of serious offenses by nonunanimous juries and whose cases are still pending on direct appeal.[1]

---

[1]We further note that an amendment to Louisiana Constitution art. I, § 17(A) was approved by Louisiana voters in a statewide election in November 2018.  That section now provides, in pertinent part:

> A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.  A case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict.  A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict[.]

In the instant case, as stated above, the jury was not unanimous in finding Corn guilty of the serious offense of molestation of a juvenile. The jury was polled revealing a vote of 10-2. In addition, despite the fact that the issue was not preserved for appellate review by contemporaneous objection, we recognize this as error patent on the face of the record. *State v. Corn*, 2019-01892 (La. 6/3/20), ___ So. 3d ___, 2020 WL 3424849. Accordingly, in light of the United States Supreme Court's ruling in *Ramos v. Louisiana*, *supra*, and the fact that this matter is on direct appeal, we reverse Corn's conviction for molestation of a juvenile. The sentence imposed for that offense is vacated, and Corn is entitled to a new trial.

## DECREE

For the foregoing reasons, Jonathan Corn is entitled to a new trial. His conviction is reversed, his sentence is vacated, and the matter is remanded to the trial court for further proceedings.

**CONVICTION REVERSED; SENTENCE VACATED; REMANDED**.

---

Likewise, the Legislature amended La. C. Cr. P. art. 782(A) in 2018, to provide, in pertinent part:

> A case for an offense committed prior to January 1, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict[.]